IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3104-FL

| | |
|---|---|
| RAY CHARLES STRICKLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STATE OF NORTH CAROLINA, PAT ) | |
| MCCRORY, and PAUL G. BUTLER, ) | |
| JR., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis

. . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this § 1983 action against defendants Governor Pat McCrory and North Carolina Parole Commissioner Paul G. Butler. Plaintiff's complaint in its entirety states as follows:

> Petitioner was sentenced to life instead of 80-Years for (1) Count of 1st degree murder under N.C. Fair Sentence Act and deprived of routine sentence reductions from gained, good, merit and jail time on record, after serving over 27-years in prison, no pending charges and years without an infraction.

(Compl. (DE 8), p. 5).[1] As relief, plaintiff requests that the court issue the following orders: (1) "Terminate life sentence and release petitioner;" (2) "Order Service of N.C. M.A.P.P. Contract Process On Petitioner, Immediately;" (3) "Order Service of Adult Parole Process on Petitioner Immediately." (Id. p. 8).

To the extent plaintiff requests that the court vacate his North Carolina state criminal sentence to life imprisonment, 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S.477, 481 (1994). Plaintiff has a pending petition for a writ of habeas corpus pursuant to § 2254 in this court. See Strickland v. Wells, No. 5:16-HC-2050-FL (E.D.N.C. Mar. 16, 2016). Accordingly, plaintiff must pursue this claim in his habeas petition.

To the extent plaintiff contends that his life sentence equates to a term of 80 years, his claim is meritless. North Carolina courts have interpreted former N.C. Gen. Stat. § 14-2 (1974) as making

---

[1] On May 5, 2016, Magistrate Judge Robert B. Jones, Jr. issued an order of deficiency notifying plaintiff that his action was not filed on the proper form and that plaintiff failed to either pay the filing fee or to file an application to proceed without the prepayment of the filing fee. Plaintiff subsequently filed his complaint on the proper form (DE 8), and filed an application to proceed without the prepayment of the filing fee (DE 5).

2

a life sentence equivalent to a term of 80 years for defendants convicted of crimes in North Carolina occurring between the dates of April 8, 1974 and June 30, 1978, and who were sentenced to life imprisonment. Jones v. Keller, 364 N.C. 249, 252, 698 S.E.2d 49, 53 (2010) (internal quotation omitted). Plaintiff was sentenced to a term of life imprisonment on June 18, 1990–well after the time period for which the State of North Carolina equated life imprisonment to a term of 80 years. Thus, former N.C. Gen. Stat. § 14-2 is inapplicable to plaintiff's sentence, and he fails to state a claim.

Even if plaintiff was sentenced within the time period during which North Carolina construed a sentence of life imprisonment to be a term of 80 years, he still is not entitled to relief. Specifically, plaintiff has "no State-created right to have his time credits used to calculate his eligibility for unconditional release." Baggett v. Keller, 796 F. Supp. 2d 718, 730 (E.D.N.C. July 1, 2011), appeal dismissed, 474 F. App'x 176 (4th Cir. 2012). Thus, plaintiff failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The court now turns to plaintiff's parole-related claims. Plaintiff essentially asks that the court either direct North Carolina Department of Public Safety ("DPS") officials to release him on parole or to initiate procedures, including a contract under North Carolina's Mutual Agreement Parole Program ("MAPP"), to facilitate his release on parole. "There is no constitutional or inherent right of a convicted person to be [paroled] before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). "With no constitutional right to parole per se, federal courts recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some aspect of parole." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996) (quoting Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991)).

3

As stated, contrary to plaintiff's assertions otherwise, he does not have a state-created right to have his sentence credits used to calculate his eligibility for unconditional release, or to have his sentence to life imprisonment converted into a term of 80 years. Plaintiff further has not identified any state-created claim of entitlement to parole or that he otherwise was denied any process that he was due. Thus, this claim is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

In summary, this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 18th day of October, 2016.

LOUISE W. FLANAGAN
United States District Judge